Real Time Resolutions, Inc. v Chandler (2025 NY Slip Op 03750)

Real Time Resolutions, Inc. v Chandler

2025 NY Slip Op 03750

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-08546
2023-08547
 (Index No. 518055/22)

[*1]Real Time Resolutions, Inc., respondent, 
v
Monte Chandler, appellant, et al., defendants.

Carl E. Person, New York, NY, for appellant.
Margolin, Weinreb & Nierer, LLP, Syosset, NY (Seth D. Weinberg and Owen M. Robinson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Monte Chandler appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated April 20, 2023, and an order of the same court dated June 15, 2023. The order dated April 20, 2023, granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference. The order dated June 15, 2023, denied that defendant's motion, among other things, pursuant to CPLR 5015(a) to vacate the order dated April 20, 2023.
ORDERED that the appeal from the order dated April 20, 2023, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the order dated June 15, 2023, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to foreclose a mortgage on a condominium unit (hereinafter the mortgaged premises) located in Brooklyn, against the defendant Monte Chandler (hereinafter the defendant), among others. The defendant did not oppose the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against him and for an order of reference, which was granted in an order dated April 20, 2023 (hereinafter the order of reference). Subsequently, the defendant moved, among other things, pursuant to CPLR 5015(a) to vacate the order of reference, entered upon his default in opposing the plaintiff's motion. In order dated June 15, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
The general rule is that "[a] party seeking to vacate his or her default . . . must demonstrate both a reasonable excuse for the default and a potentially meritorious defense" (Federal Natl. Mtge. Assn. v Vivenzio, 229 AD3d 510, 513). Here, the defendant contends that the action was stayed under CPLR 3408, pending a settlement conference, as the plaintiff had checked a box on a request for judicial intervention form stating that the mortgaged premises was owner occupied. Thus, the defendant contends that defense counsel's belief that the action was stayed constituted a reasonable excuse, and the stay itself constituted a meritorious defense to the plaintiff's motion.
The defendant further argues that he promptly moved to vacate his default and that the plaintiff did not adequately establish standing.
The plaintiff contends that the defendant abandoned all defenses asserted in his answer by failing to oppose the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. Further, the plaintiff contends that the defendant was not entitled to a settlement conference because he did not reside in the mortgaged premises, which was occupied by another family.
CPLR 3408(1) mandates settlement conferences where "the defendant is a resident of the property subject to foreclosure." Here, the defendant was not a resident of the mortgaged premises.
Moreover, the failure to conduct a settlement conference pursuant to CPLR 3408, even if required, is not grounds for vacatur of the order of reference, because failure to conduct a settlement conference does not deprive the court of subject-matter jurisdiction (see Marcon Affiliates, Inc. v Ventra, 112 AD3d 1095; Wells Fargo Bank, N.A. v Kaur, 230 AD3d 717).
In this case, the defendant failed to establish grounds to vacate his default, which encompassed both the default in opposing the plaintiff's motion and appearing at a conference scheduled for April 20, 2023. Nor did the defendant proffer a potentially meritorious defense. The defendant's contention that the plaintiff did not prove standing is improperly raised for the first time on appeal.
The defendant's remaining contentions are without merit.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court